IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALEXANDER YOUNG  #13864                                                              PETITIONER

versus                                                              CIVIL ACTION NO. 2:06cv96-KS-MTP

DARRYL ANDERSON                                                                      RESPONDENT

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petition of Alexander Young for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] and Respondent's Motion to Dismiss Pursuant to § 2244(d) [4]. Having considered the respondent's motion, the petitioner's response [5], and the respondent's reply [8], along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss be granted.

PROCEDURAL HISTORY

Petitioner Alexander Young was convicted in a jury trial in the Circuit Court of Walthall County of conspiracy to commit armed robbery and armed robbery. On March 20, 2003, he was sentenced to serve five years for the conspiracy conviction and thirty-five years for the armed robbery conviction in the custody of the Mississippi Department of Corrections. Young perfected a direct appeal, and on January 4, 2005, the Mississippi Court of Appeals affirmed the judgment of conviction and sentence in a written opinion.[1] Young did not seek further discretionary review in state court by filing a petition for rehearing. He did file an Application for Leave to File Motion for Post Conviction Collateral Relief, but not until February 6, 2006. The Mississippi Supreme Court denied the application on March 8, 2006. Young submitted his Petition for Writ of Habeas Corpus sometime between March 31, 2006, the date it was signed, and April 14, 2006, the date it was

---

[1] *Young v. State of Mississippi,* 910 So. 2d 26 (Miss. App. 2005).

stamped "filed." The respondent contends that Young's petition was not timely filed and that it should accordingly be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

As noted above, following the court of appeals' decision, Young did not pursue further direct review by way of a petition for rehearing. *See* MISS. R. APP. P. 40(a) (allowing fourteen days for filing a petition for rehearing after decision is rendered). His failure to timely seek further discretionary review in state court stopped the appeal process and, in effect, waived his right to seek further review. *See Roberts v. Cockrell,* 319 F.3d 690, 694 & n.14 (5th Cir. 2003). Young's judgment therefore became final–and the statute of limitations for federal habeas relief began to run–on January 18, 2005 (January 4, 2005 plus fourteen days), giving him until January 18, 2006 to file his petition. Young did not "file" his federal petition until, at the earliest, March 31, 2006,[2] more than two months after the federal statute of limitations had expired. Based on the foregoing, Young's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment's becoming final

---

[2] The mailbox rule tolls the statute of limitations when the petition is delivered to prison officials for mailing. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

2

on January 18, 2005 and Young's filing of the federal petition for habeas corpus on March 31, 2006 is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review " remains pending. As noted above, Young did file an Application for Leave to File Motion for Post Conviction Collateral Relief.   However, that document cannot toll the one-year limitation period described in section 2244(d)(2) since it was filed after Young's January 18, 2006 federal filing deadline.  The plain wording of section 2244(d)(2) specifies tolling only for a "pending" "properly filed application." *See Flanagan v. Johnson,* 154 F.3d 196, 199 & n.1 (5th Cir. 1998).[3]   Thus, Young's apparent argument that because he timely instituted post-conviction proceedings under state law, his habeas petition should likewise be deemed timely under federal law[4] is unavailing.

His argument that equitable tolling applies[5] fares no better.  The burden falls on Young to show such "rare and exceptional circumstances"[6] as would warrant extension of the one-year limitation period.  *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).   He claims that his attorney failed to notify him of the court of appeals' January 4, 2005 decision and contends that the

---

[3] Even if Young's application could be deemed properly filed and pending, the thirty days between its filing and its denial do not sufficiently extend the filing deadline to render his petition timely.

[4] *See* Response [5] at 1.

[5] *See* Response [5] at 3.

[6] Generally, equitable tolling is appropriate "only in rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).  Proceeding *pro se* does not constitute such a rare and exceptional circumstance. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000).  Neither does "unfamiliarity with the legal process nor lack of representation during the applicable filing period." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).

lack of timely notification merits equitable tolling.[7]  He appears to ground this contention in part on "the right to effective assistance of counsel on appeal."[8]  However, "ineffective assistance of counsel is irrelevant to the tolling decision."  *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002).  Particularly applicable to Young's claim of entitlement to equitable tolling is that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  *Id.* (citation omitted).[9]  Thus, Young's bare allegation that his attorney did not send him a copy of the mandate or the decision [10] will not suffice to excuse Young's tardiness in filing his habeas petition.

Two additional matters are worthy of note.  First, although he may not have received a copy of the decision, Young did receive correspondence from his appellate counsel on January 18, 2005,[11] fourteen days after the court of appeals' decision.  Second, as Young has made no assertion as to when he learned of the court of appeals' disposition of his appeal, he likewise has not shown that he pursued postconviction relief "with diligence and alacrity."  *Phillips v. Donnelly,* 216 F.3d at 511; *see also Brown v. Quarterman,* No. 04-50820, 2006 WL 2929968, at *1 (5th Cir. Oct. 13, 2006).

## CONCLUSION

Young's state court conviction became final on January 18, 2005.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the tolling provision of section 2244(d)(2), he had until January 18, 2006, at the latest,  to file a federal petition for a writ of habeas corpus.  As

---

[7] *See* Response [5] at 2.

[8] *See* Response [5] at 2.

[9]  "An attorney's intentional deceit could warrant equitable tolling but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations."  *Id.*  Young has made no such showing.

[10] *See* Response [5] at 3.

[11] *See* Exhibit B to Respondent's motion [4] at page 4 of 16; Exhibit A to Respondent's reply [8].

4

he did not file his petition until March 31, 2006, he cannot avoid the statutory bar.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondent's Motion to Dismiss [4] be GRANTED and that Young's Petition for Writ of Habeas Corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 23rd day of October, 2006.

s/ Michael T. Parker
United States Magistrate Judge